## AFFIDAVIT

1.  I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since October of 2018. I am currently assigned to the Detroit Field Division, Lansing Satellite Office. Prior to being assigned to Lansing Satellite Office, I was assigned to the ATF Flint Field Office. Before working for the ATF, I was employed by the Michigan Department of State Police (MSP) for approximately seven years. Before working for MSP, I was a local police officer for the Grand Ledge Police Department for approximately three years. I held numerous positions with the MSP, including Detective Sergeant in the Polygraph Unit and Task Force Officer with the FBI. During my employment with ATF and MSP, I have conducted or participated in numerous criminal investigations focused on firearms, armed drug trafficking, and criminal street gangs, and other violations of federal law.

2.  I make this affidavit from personal knowledge based on my participation in this investigation, my review of reports and other materials prepared by those who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3.  On January 3, 2025, the Lansing Police Department (LPD) Violent Crime Initiative (VCI) and fully marked members of the Michigan State Police (MSP) were conducting surveillance at the Royal Liquor Party Store, located at 3325 South Martin Luther King Boulevard Lansing, MI. Surveillance observed a white 2019 Jeep Grand Cherokee bearing Michigan Registration: 0QPA11 (suspect vehicle) with fully tinted windows (civil infraction) arrive and eventually leave the store. When the suspect vehicle left the store fully marked MSP troopers conducted a traffic stop on Martin Luther King Blvd near Dunlap Street.

4.  MSP Troopers made contact with the driver, identified as James Jamar WILSON (b/m XX/XX/1991) from his Michigan Driver's License. Also inside the vehicle were two females. One of the females was seated in the front passenger seat and the other in a rear passenger seat. While troopers were speaking with WILSON, an open bottle of Patron Tequila was observed on the backseat near one of the females (Open Intoxicants -misdemeanor).

5.  MSP Troopers advised WILSON of the open intoxicants and asked him step out from the suspect vehicle multiple times. WILSON advised he was not going to exit the vehicle at which time a struggle ensued with law enforcement and WILSON. WILSON was ultimately taken into custody and eventually lodged at the Lansing City Jail. Both females were released from the scene.

6.  A probable cause and inventory search of WILSON's vehicle was completed. Underneath the driver's seat, law enforcement located a Glock Inc., Model: 21 .45 caliber semi-automatic pistol bearing S/N: BCKP87. The pistol was loaded with thirteen (13) rounds of .45 caliber ammunition (one round chambered). Inside the center console of the suspect vehicle two separate plastic bags each containing approximately 15 grams of suspected controlled substances were located and seized. The vehicle was impounded by Shroyer's Towing.



7.  While MSP was booking WILSON into the Lansing City Jail, WILSON requested to speak to them. WILSON was read his Miranda Warnings and agreed to speak with the troopers. The following is a synopsis of the interview conducted.

- WILSON advised he was scared because of the gun inside of the vehicle. WILSON said he has been carrying the gun because he was shot a year and a half ago and was still scared.

- WILSON advised he got the firearm from a subject on the south end of the city about a year ago. WILSON did not know the subject's name.

3

> WILSON did not know if the pistol was stolen or not.

- WILSON was asked about the cocaine located in his vehicle. WILSON advised the narcotics were cocaine and he had about 2 zips' worth. [Based on my training and experience, I know "zip" to be a word used synonymously for an ounce of narcotics.] WILSON then clarified that a "zip" is 28 grams or an ounce. WILSON said he said he sells a "zip" every two weeks for approximately $700. WILSON said he sells narcotics to supplement his disability income. WILSON advised some of the money that was located in his pocket was from drug proceeds.

8. I queried WILSON's Computerized Criminal History (CCH) as part of this investigation. The following is a list of WILSON's felony convictions.

- 11/8/2007 - Pled guilty to Carrying a Concealed Weapon (CCW) in the 30th Circuit Juvenile Court - Juvenile Adjudication.

- 11/4/2009 - Pled guilty to Felony Possession of a Controlled Substance in the 30th Circuit Court of Michigan. CFN: 2009585.

- 12/10/2009 - Wilson had a PWID Controlled Substances, Fleeing & Eluding, and Resisting and Obstructing bound over to the 30th Circuit Court of Michigan CFN: 09-07538.

- 3/16/2011 - Wilson was convicted of possession of a machinegun and sentenced to 60 months with the US Bureau of Prisons out of the Western District of Michigan.

- 2/24/2010 - Pled guilty to Resisting and Obstructing Police in the 30th Circuit Court of Michigan. CFN: 09-001491-FH.

- 1/13/2016 - Wilson pled guilty to Possession of a Controlled Substance in the 30th Circuit Court of Michigan. CFN: 15-001015-FH-C30.
- 6/26/2024 - Wilson pled guilty to PWID controlled substance in the 30th Circuit Court of Michigan. CFN: 2024143.

9. I am recognized by ATF as having expertise in the interstate travel and

manufacture of firearms. The Glock Inc., Model: 21 .45 caliber semi-automatic pistol bearing S/N: BCKP87 was manufactured outside of the state of Michigan and is a firearm as defined in Chapter 44, Title 18, United States Code.

10.  MSP troopers conducted a Tru-Narc test of the suspected narcotics located inside the center console of the suspect vehicle. One bag tested positive for Cocaine HCL and the other tested positive for Cocaine Base (Crack cocaine).

11.  Based on WILSON's prior convictions and sentences in excess of one year, there is probable cause that WILSON knew he was a felon at the time of the current offense.

12.  Based on the foregoing, I have probable cause to believe that on January 3, 2025, in the Western District of Michigan, James Jamar WILSON, knowing that he had been convicted of a felony offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm in violation of 18 U.S.C. § 922(g)(1).

13.  Based on the foregoing, I have probable cause to believe that on January 3, 2025, in the Western District of Michigan, James Jamar WILSON, possessed cocaine with intent to distribute in violation of 21 U.S.C. § 841(a).